# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1729 | **DATE** | May 6, 2008 |
| **CASE TITLE** | Tyree Jackson (R-06066) v. Sgt. Grant | | |

**DOCKET ENTRY TEXT:**

Plaintiff Tyree Jackson's motion for leave to proceed *in forma pauperis* [3] is granted. The court authorizes and directs the trust fund officer at plaintiff's place of confinement to deduct $50.00 from plaintiff's account, and to continue making deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at Hill Correctional Center. However, summons shall not yet issue. The court orders plaintiff to show cause why his complaint should not be dismissed as untimely. Failure to show cause within 30 days of the date of this order may be construed as plaintiff's desire not to proceed with this suit, and will result in dismissal.

■ **[For further details see text below.]**      Docketing to mail notices.

## STATEMENT

    Plaintiff, Tyree Jackson (R-06066), currently incarcerated at Hill Correctional Center, has filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against a number of Stateville officers and medical personnel. Plaintiff alleges the following: one officer threw a lit cigarette into a trash pile containing mattresses; a fire resulted; smoke filled plaintiff's area of the prison; plaintiff suffered an asthma attack from inhaling smoke; Lieutenant Wilson and Sergeant Grant sprayed mace in plaintiff's face for no reason and refused to get him medical assistance; and, when plaintiff was seen by medical personnel, they were slow to get him adequate medical attention.

    The court finds that plaintiff is unable to prepay the filing fee and grants his motion for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is assessed an initial partial filing fee of $50.00. The supervisor of inmate trust accounts at the Hill Correctional Center is authorized and ordered to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for this payment obligation, and the Hill Correctional Center inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred to another facility.

(CONTINUED)

isk

**STATEMENT (continued)**

Although plaintiff may proceed *in forma pauperis*, preliminary review of the complaint indicates that it is time-barred. *See Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002); *see also Jones v. Bock*, 127 S. Ct. 910, 920-21 (2007) (dismissal of a complaint on preliminary review may be appropriate for an affirmative defense if it appears clear from the face of the complaint that such a defense applies). The events giving rise to the current complaint occurred on May 26, 2005. Plaintiff filed this suit in March of 2008. In Illinois, there is a two-year limitations period for the filing of a § 1983 civil rights claim, which may be tolled while an inmate exhausts administrative remedies. *Johnson v. Rivera*, 272 F.3d 519, 521-22 (7th Cir. 2001).

Because the face of plaintiff's complaint indicates that it is untimely, the Court orders plaintiff to show cause why the complaint should not be dismissed. Plaintiff should state when the events giving rise to this suit occurred, whether plaintiff sought administrative remedies, and when administrative proceedings ended, if such relief was sought. Plaintiff is given 30 days from the date of this order to respond. Failure to respond within 30 days may be construed as plaintiff's desire not to proceed with this action and will result in dismissal of this case.