## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1729 | **DATE** | July 2, 2008 |
| **CASE TITLE** | Tyree Jackson (R-06066) v. Sgt. Grant | | |

**DOCKET ENTRY TEXT:**

By order of May 6, 2008, the Court directed plaintiff Tyree Jackson to show cause within 30 days why his complaint should not be dismissed as untimely. Plaintiff was warned that failure to comply would result in dismissal. Having not received a response from plaintiff since the entry of the May 6, 2008 order, the Court dismisses this case for failure to comply and as untimely. The case is terminated. All pending motions are denied.

■ **[For further details see text below.]**　　　　　　　　　　　　　　Docketing to mail notices.

### STATEMENT

　　Plaintiff, Tyree Jackson (R-06066), an Illinois prisoner incarcerated at Hill Correctional Center, filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against a number of Stateville Correctional Center officers and medical personnel. Plaintiff alleged claims involving an incident that occurred at Stateville on May 26, 2005. He alleged the following: one officer threw a lit cigarette into a trash pile containing mattresses; a fire resulted; smoke filled plaintiff's area of the prison; plaintiff suffered an asthma attack from inhaling smoke; Lieutenant Wilson and Sergeant Grant sprayed mace in plaintiff's face for no reason and refused to get him medical assistance; and, when plaintiff was seen by medical personnel, they were slow to get him adequate medical attention.

　　Plaintiff filed this complaint in March of 2008. Because it appeared apparent from the face of the complaint that plaintiff's claims were untimely, the Court ordered plaintiff to address the time-bar issue and state his reasons why he did not file his complaint within two years of the alleged incident.

　　The Court has not received a response from plaintiff. Accordingly, the Court dismisses the complaint based upon plaintiff's failure to respond to the court's order and to explain why his claims are not time-barred. *See Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002); *see also Jones v. Bock*, 127 S. Ct. 910, 920-21 (2007) (dismissal of a complaint on preliminary review may be appropriate for an affirmative defense if it appears clear from the face of the complaint that such a defense applies); *see also Johnson v. Rivera*, 272 F.3d 519, 521-22 (7th Cir. 2001) (the limitations period for filing a § 1983 civil rights claim in Illinois is two years, which may be tolled while an inmate exhausts administrative remedies).

isk